# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-146-UNA |
| ED JOHNSON and G. CAROL JOHNSON | : |
| Defendants. | : REDACTED |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### Introduction: Facts Common to All Schemes to Defraud

1.  At all times material to this Indictment, defendant G. Carol Johnson ("CAROL JOHNSON"), was the Chief Executive Officer of Heritage Capital Credit Corporation, a Delaware Corporation with its principal place of business at 200 West 9th Street in Wilmington, Delaware. On or around April 1, 2005, HCCC changed its name to Independent Capital Credit Corporation (referred to collectively herein as "HCCC" or "the Company").

2.  Defendant Ed Johnson ("ED JOHNSON") is the husband of CAROL JOHNSON. Although ED JOHNSON was barred by court order from serving as an officer or director of HCCC, or any publicly traded company, at all times material to this Indictment, ED JOHNSON was involved in the day to day operations of HCCC and held himself out as a figure of authority within the Company.

3.  In 2003, ED JOHNSON also served as Chairman of MERL Financial Group ("MERL"). Between in or around October and December 2003, CAROL JOHNSON and ED JOHNSON substituted or caused to be substituted HCCC in the place of MERL in relation to

certain loan applications relevant to this Indictment.

4. From in or about February 2003 through in or about February 2007, in the District of Delaware, the District of New Jersey, the Eastern District of Pennsylvania, and elsewhere, the defendants, ED JOHNSON and CAROL JOHNSON, devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of fraudulent pretenses by collecting fees for loans and loan related services with the knowledge that they lacked the ability to fund the loans as represented.

5. It was part of the scheme and artifice that defendants ED JOHNSON and CAROL JOHNSON falsely claimed that HCCC and MERL could fund certain commercial loans known as Business CLOC ("BCLOC") or collateralized lines of credit.

6. It was further part of the scheme and artifice that in exchange for purportedly securing these BCLOC loans on behalf of its clients, HCCC charged loan applicants certain fees.

7. It was further part of the scheme and artifice that ED JOHNSON and CAROL JOHNSON falsely told applicants, or caused others to falsely tell applicants, that their loans could be closed by a particular date.

8. It was further part of the scheme and artifice that ED JOHNSON and CAROL JOHNSON would instruct applicants to provide additional funds, purportedly for loan related services to be performed by a third-party company. In some instances after these fees were collected, HCCC did not contract for these services to be performed by the third party. In other instances, the third-party would provide these services, but HCCC failed to pay the third party for its services.

9. At other times, ED JOHNSON and CAROL JOHNSON would require the

submission of additional information from applicants (often information already provided) before funding could purportedly be completed. Other communications represented that HCCC expected funding to take place in the near future, that funding was delayed, or that HCCC had established a "closing team" in preparation for closing a particular loan and that a representative of that team would contact the applicant.

10. It was further part of the scheme and artifice that ED JOHNSON and CAROL JOHNSON would fail to disclose, prior to collecting loan application fees, commitment fees, and fees for loan-related services, that HCCC did not have available any funds on hand to fund the BCLOC loans, and further failed to disclose that HCCC did not have any actual commitment from a source of funding to fund such loans. To the contrary, ED JOHNSON and CAROL JOHNSON affirmatively represented that there was funding already or imminently available.

11. It was further part of the scheme and artifice that ED JOHNSON and CAROL JOHNSON used fees paid by loan applicants for their personal benefit, such as their apartment rental fees, living expenses, vacations for their family members, and purchases of luxury items and clothing.

## COUNT 1

12. From in or about September 2004, through in or about March 2007, in the District of Delaware and elsewhere, ED JOHNSON and G. CAROL JOHNSON, defendants herein, did knowingly conspire with each other to execute and attempt to execute a scheme and artifice to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, and to commit mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2, to

wit, devising and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses and representations and promises, as set forth in Paragraphs 1-11, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, to wit, facsimiles and bank wire transfers, as more fully set forth in Paragraphs 25, 31, 37, 41, 47, and 48, incorporated herein by reference, and did deposit and cause to be deposited materials to be sent and delivered by the United States Postal Service and by private and commercial interstate carrier as more fully set forth in Paragraphs 24, 30, 36, and 42, incorporated herein by reference, in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 and 3

13.  Paragraphs 1-11 are incorporated herein by reference.

14.  At all times relevant hereto, T.F. was a church in New Jersey, led by J.C.

15.  In or around February 2003, defendant ED JOHNSON, operating through MERL, offered to provide a loan to fund T.F.'s land acquisition and building project.

16.  Based upon this commitment, on or about February 27, 2003, T.F. forwarded a payment of $159,000 for loan and commitment fees payable to MERL. Over approximately the next nine months, T.F. forwarded five additional payments to MERL totaling an additional $170,000. During 2003 and 2004, HCCC continued to attempt to demand and demand loan-related fees from T.F.

17.  No loan funds have been provided to T.F.

**Count 2**

18. From on or about February 14, 2003, through on or about February 14, 2005, in the District of Delaware and elsewhere, ED JOHNSON, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 13-17, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit:

> On or about November 19, 2003, a facsimile from HCCC in Wilmington, Delaware, to J.C. in New Jersey,

in violation of Title 18, United States Code, Sections 1343 and 2.

**Count 3**

19. From on or about February 14, 2003, through on or about February 14, 2005, in the District of Delaware and elsewhere, ED JOHNSON, defendant herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 13-17, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by the United States Postal Service, to wit:

> On or about December 16, 2003, a mailing from HCCC in Wilmington, Delaware to J.C. in West New York, New Jersey,

in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 4 and 5

20. Paragraphs 1-11 are incorporated herein by reference.

21. In or around September 2004, P.W. applied for a loan in the amount of $3,202,500 with HCCC to fund the purchase of a plant nursery in Florida.

22. On or around September 29, 2004, P.W. forwarded a payment of $4,500 for a loan application fee payable to HCCC. On or around December 9, 2004, P.W. forwarded an additional payment of $4,000 to HCCC. On or around January 21, 2005, P.W. sent an additional $11,000 in funds to HCCC after CAROL JOHNSON demanded such a payment.

23. No loan funds have been provided to P.W.

### Count 4

24. From on or about September 14, 2004, through on or around March 9, 2007, in the District of Delaware and elsewhere, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 20-23, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, to wit:

> On or about November 18, 2004, a Federal Express package from 200 West Ninth Street, Wilmington, Delaware, to P.W. in Apopka, Florida,

in violation of Title 18, United States Code, Sections 1341 and 2.

### Count 5

25. From on or about September 14, 2004, through on or around March 9, 2007, in

the District of Delaware and elsewhere, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 20-23, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, money transfers, to wit:

> On or about January 21, 2005, bank wire transfer number 2198556175333 to HCCC's bank account in Wilmington, Delaware from Washington Mutual Bank in Valley Stream N.Y.,

in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS 6 and 7

26. Paragraphs 1-11 are incorporated herein by reference.

27. In or around September 2004, R.B. applied for a loan for approximately $67,000,000 with HCCC for the acquisition of a retirement community in Florida.

28. On or about September 21, 2004, R.B. forwarded a payment of $67,859.11 to HCCC. On around December 1, 2004, R.B. forwarded to HCCC an additional payment of $15,000.

29. No loan funds have been provided to R.B.

**Count 6**

30. From on or about September 14, 2004, through in or around April 2007, in the District of Delaware and elsewhere, including Florida, ED JOHNSON and G. CAROL

JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 26-29, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, to wit:

>On or about November 18, 2004, a Federal Express package from 200 West Ninth Street, Wilmington, Delaware, to R.B. in Apopka, Florida,

in violation of Title 18, United States Code, Sections 1341 and 2.

**Count 7**

31. From on or about September 14, 2004, through in or around April 2007, in the District of Delaware and elsewhere, including Florida, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 26-29, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit:

>On or about February 28, 2007, a facsimile to HCCC in Wilmington, Delaware, from R.B. in Florida,

in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 8 and 9

32. Paragraphs 1-11 are incorporated herein by reference.

33. On or around October 7, 2004, G.W. applied to HCCC for a loan in the amount of $2,000,000.

34. On or around October 19, 2004, G.W. forwarded a payment of $4,500 for loan application fees payable to HCCC. On or around December 15, 2004, G.W. forwarded to HCCC a payment of $5,000. In or around February 2007, G. CAROL JOHNSON, defendant herein, called G.W. and falsely stated that HCCC had the ability to immediately fund part of his loan if he would submit an additional $54,000 in loan application fees.

35. No loan funds have been provided to G.W.

### Count 8

36. From on or about October 7, 2004, through on or around March 2, 2007, in the District of Delaware and elsewhere, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 32-35, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by private and commercial interstate carrier, to wit:

> On or about November 17, 2004, a Federal Express package from 200 West Ninth Street, Wilmington, Delaware, to G.W. in Philadelphia, Pennsylvania,

in violation of Title 18, United States Code, Sections 1341 and 2.

**Count 9**

37. From on or about October 7, 2004, through on or around March 2, 2007, in the District of Delaware and elsewhere, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 32-35, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit:

> On or about March 2, 2007, a facsimile a facsimile from HCCC in Wilmington, Delaware to G.W. in Pennsylvania,

in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 10 and 11

38. Paragraphs 1-11 are incorporated herein by reference.

39. On or around January 25, 2005, A.S. and A.D. applied for a loan on behalf of D.G.E., a company in Massachusetts and the United Kingdom, with HCCC for approximately $29,000,000. On or about February 8, 2005, A.D. forwarded a payment of $56,428.27 to HCCC. On or about March 7, 2005, A.S. forwarded an additional payment of $103,571.43 to HCCC. In or around December 2005, A.D. forwarded an additional payment of $50,000 to HCCC. On or around January 3, 2006, HCCC sent an account statement to D.G.E., showing a balance of $414,385.71 due by February 1, 2006.

40.    No loan funds have been provided to D.G.E., A.S., and A.D.

**Count 10**

41.    From in or around January 2005, through on or around March 13, 2007, in the District of Delaware and elsewhere, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 38-40, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit:

> On or about March 7, 2005, bank wire transfer number 050307006069 to HCCC's account in Wilmington, Delaware from A.S.'s bank account in Pennsylvania,

in violation of Title 18, United States Code, Sections 1343 and 2.

**Count 11**

42.    From in or around January 2005, through on or around March 13, 2007, in the District of Delaware and elsewhere, including Pennsylvania and Massachusetts, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 38-40, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited materials to be sent and delivered by the United States Postal Service, to wit:

On or about March 13, 2007, a letter to ED JOHNSON at HCCC in Wilmington, Delaware from D.G.E. in Andover, Massachusetts,

in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNTS 12 and 13

43. Paragraphs 1-11 are incorporated herein by reference.

44. On or around April 7, 2005, A.S. applied for a loan with HCCC for approximately $1,400,000.

45. On or about April 20, 2005, A.S. forwarded a payment in the amount of $19,500 to HCCC. In or around August 2005, HCCC requested that additional fees in the amount of $30,000 be paid.

46. No loan funds have been provided to A.S.

### Count 12

47. From in or around April 2005, through in or around March 1, 2007, in the District of Delaware and elsewhere, including Pennsylvania, ED JOHNSON and G. CAROL JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, as set forth in Paragraphs 1-11 and 43-46, incorporated herein by reference, and for the purposes of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit:

On or about April 20, 2005, a facsimile to HCCC in Wilmington, Delaware to

>A.S. in Pennsylvania,

in violation of Title 18 United States Code, Sections 1343 and 2.

**Count 13**

>48.    From in or around April 2005, through in or around March 1, 2007, in the

District of Delaware and elsewhere, including Pennsylvania, ED JOHNSON and G. CAROL

JOHNSON, defendants herein, having devised and intending to devise a scheme and artifice to

defraud and to obtain money and property by means of false and fraudulent pretenses,

representations, and promises, as set forth in Paragraphs 1-11 and 43-46, incorporated herein by

reference, and for the purposes of executing such scheme and artifice and attempting to do so,

did transmit and cause to be transmitted by means of wire communication in interstate

commerce, certain writings, signs, and signals, to wit:

>On or about March 1, 2007, a facsimile from G. CAROL JOHNSON in
>
>Wilmington, Delaware to A.S. in Pennsylvania,

in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 14

>50.    On or about March 7, 2005, in the District of Delaware, ED JOHNSON and G.

CAROL JOHNSON, defendants herein, did knowingly engage in and attempt to engage in a

monetary transaction by, through, or to a financial institution, affecting interstate or foreign

commerce, in criminally derived property of a value greater than $10,000, that is transfer funds in

the amount of $23,669.45, such property having been derived from specified unlawful activity,

that is wire fraud, in violation of Title 18 United States Code Sections 1957 and 2.

## NOTICE OF FORFEITURE

Upon conviction of any of the offenses alleged in Counts One through Fourteen of this Indictment, defendants ED JOHNSON and G. CAROL JOHNSON shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (a)(2)(B) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

A TRUE BILL

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: *[signature]*
Lesley F. Wolf
Assistant U.S. Attorney

Dated: September 11, 2008