IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-146-JJF |
| | : | |
| ED JOHNSON and | : | |
| G. CAROL JOHNSON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

Davis C. Weiss, Esquire, Acting United States Attorney,
Christopher J. Burke, Esquire, Assistant United States Attorney,
and Lesley F. Wolf, Esquire, Assistant United States Attorney, of
THE OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.

Attorneys for Plaintiff.

Christopher S. Koyste, Esquire of CHRISTOPHER S. KOYSTE, ESQUIRE,
Bellefonte, Delaware.

Attorney for Defendant, Ed Johnson.

Edson A. Bostic, Esquire of THE OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Wilmington, Delaware.

Attorney for Defendant, G. Carol Johnson.

---

**MEMORANDUM OPINION**

June 24, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Defendants' Joint Motion For Second Continuance Of Trial (D.I. 60).  For the reasons discussed, the Court will deny the Motion.

I.    THE PARTIES' CONTENTIONS

By their Motion, Defendants request the Court to continue the trial currently scheduled for October 19, 2009, until March 2010.  According to Defendants, a continuance is necessary because their expert witness, who is currently retained in three other cases, is unable to begin reviewing the thousands of documents produced in discovery until August 2009, and will need at least three months to assist in the preparation of Defendants' defense.  Defendants request a trial date in March 2010, because one of Defendants' attorneys has scheduling conflicts during the month of February 2010.

The Government has filed an opposition to the Motion contending that a continuance is not warranted because Defendants have had the opportunity to review discovery for at least six months due to the Government's timely production of materials. The Government points out that an additional four months remain before the currently scheduled trial date, and that in any event, even if an additional three months is required for trial preparation by Defendants' expert, trial should be rescheduled for November 2009, not March 2010.

## II.  LEGAL PRINCIPLES

The Court has broad discretion in determining whether to grant or deny a continuance.  Morris v. Slappy, 461 U.S. 1, 11 (1983).  As the Supreme Court has recognized, "Trial judges necessarily require a great deal of latitude in scheduling trials.  Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."  Id.  In this regard, the Supreme Court has further recognized that "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel."  Id.  Rather, it is only an unreasoned and arbitrary "'insistence upon expeditiousness in the face of a justifiable request for delay'" that violates the right to the assistance of counsel.  Id. at 11-12 (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).

In determining whether a continuance is warranted, the Court must consider the facts and circumstances of each case.  Ungar, 376 U.S. at 589.  No mechanical test is applied.  Id.  "The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  Id.  Factors the Court should consider include, but are not limited to, the public need for the

2

efficient and effective administration of justice, the rights of the accused, and the rights of other defendants awaiting trial. U.S. v. Kikumura, 947 F.2d 72, 78-79 (3d Cir. 1991).

## III. DISCUSSION

After reviewing the facts and circumstances of this case in light of the aforementioned legal principles, the Court finds, in its discretion, that a continuance is not warranted.  In December 2008, the Court scheduled trial in this matter for July 7, 2009. In scheduling this date, the Court consulted with counsel, recognized the complexity of the case, and concluded that six months was adequate to allow the parties sufficient time to retain experts and prepare for trial.  On March 3, 2009, Defendants moved for a continuance of the July trial date citing the voluminous discovery and complexity of the case.  The Government did not oppose the request.  Because Defendants anticipated a trial of at least two weeks, the Court rescheduled the trial to a date suggested by and convenient for all counsel and the parties, so as to allow the parties ample time to prepare and have witnesses available.[1]   The Court scheduled the October

---

[1]    Having selected a trial date convenient for the parties, the Court was required to clear its calendar and schedule other matters around the time currently reserved for this case.  As the parties are well aware, the Court continues to labor under a more than two year judicial vacancy, and the Court has been designated a "congested court" by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.  The consequence of moving a set trial date, particularly one in which more than a week of trial has been

19 trial date with these considerations in mind, and therefore,
any consideration of retaining an expert witness should have been
done with the October 2009 trial date firmly as the focus.
Indeed, if, as the Third Circuit recognized in Kikumura, a
continuance may be denied even if it results in the deprivation
of a defendant's chosen counsel, the Court concludes the possible
deprivation of Defendants' chosen expert is not entitled to
greater consideration.  See Kikumura, 947 F.2d at 79.

The Government, Defendants, and the public have a vested
interest in having this matter brought to a just, effective and
expeditious resolution.  Given the diligence of counsel to date,
counsel for Defendants should have adequate time to complete
their review of the documents at issue and retain an expert
witness who can comply with the agreed upon October trial date
set by the Court.  Accordingly, the Court concludes that a
continuance of this matter is not warranted, and therefore, the
Court will deny Defendants' Motion.

## IV.   CONCLUSION

For the reasons discussed, the Court will deny Defendants'
Joint Motion For Second Continuance Of Trial.

An appropriate Order will be entered.

---

scheduled, would have adverse "ripple" effects on the Court's
docket as a whole, particularly with respect to other complex
criminal and civil cases that the Court has scheduled.  In this
regard, the Court must also consider the needs of other
litigants, who require the Court's attention and who have vested
expectations in calendar dates set for their cases, as well.

4