```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE


UNITED STATES OF AMERICA       :
                               :
        Plaintiff,             :
                               :
        v.                     :  Criminal Action No. 08-146-JJF
                               :
ED JOHNSON, and                :
G. CAROL JOHNSON,              :
                               :
        Defendants.            :
```

**MEMORANDUM ORDER**

On September 11, 2008, Co-Defendants Ed Johnson and G. Carol Johnson were indicted for conspiracy to commit mail and wire fraud, multiple counts of mail and wire fraud, and engaging in an illegal monetary transaction. Presently before the Court is the Government's Motion in Limine to Preclude the Testimony of Defendants' Expert Witnesses, filed on October 6, 2009. (D.I. 161.) The Court conducted a <u>Daubert</u> hearing on October 19, 2009, at which time the Government advised the Court that its objections to the qualifications and methodology of Defendant Carol Johnson's proposed expert witness, Dr. Terry Campbell, were withdrawn, but that it did object to certain opinions offered by Dr. Campbell.

**Proposed Testimony at Issue**

According to Defendant Carol Johnson, Dr. Campbell is qualified to testify as an expert concerning the following: 1) that Heritage and its affiliates were not a traditional bank; 2) in order to fund high-risk business loans, Heritage and its

affiliates needed to raise funds; 2a) the asset securitization model utilized by Defendants was within acceptable standards within the time frame relevant to this case; 2b) Heritage and its affiliates made efforts to implement this business model; and 3) problems with rating agencies and potential borrowers kept the model from being successfully implemented. (D.I. 182, at 1.)

## Parties' Contentions

The Government agrees that Dr. Campbell is qualified to offer expert opinions as to the first three categories listed above. (D.I. 179, at 1; D.I. 182, at 1.) The Government does object to Dr. Campbell's proposed testimony on the last two categories of opinions- categories 2b and 3. (D.I. 179, at 1.) With regard to category 2b, the Government contends that Dr. Campbell's testimony would not amount to "technical, or other specialized knowledge" as required by Federal Rule of Evidence 702 because Dr. Campbell analyzed the asset securitization model adopted by Defendants, but not the specific assets and actions involved in this case. (Id. at 1-2.) The Government contends Dr. Campbell's category 2b testimony would merely be a recitation of information contained in documents, and accordingly, that Dr. Campbell lacks a sufficient basis to offer an expert opinion on Defendants' efforts to implement the asset securitization model. (Id. at 2.) With regard to category 3, the Government contends that Dr. Campbell's testimony would not amount to "technical, or

affiliates needed to raise funds; 2a) the asset securitization model utilized by Defendants was within acceptable standards within the time frame relevant to this case; 2b) Heritage and its affiliates made efforts to implement this business model; and 3) problems with rating agencies and potential borrowers kept the model from being successfully implemented. (D.I. 182, at 1.)

## Parties' Contentions

The Government agrees that Dr. Campbell is qualified to offer expert opinions as to the first three categories listed above. (D.I. 179, at 1; D.I. 182, at 1.) The Government does object to Dr. Campbell's proposed testimony on the last two categories of opinions- categories 2b and 3. (D.I. 179, at 1.) With regard to category 2b, the Government contends that Dr. Campbell's testimony would not amount to "technical, or other specialized knowledge" as required by Federal Rule of Evidence 702 because Dr. Campbell analyzed the asset securitization model adopted by Defendants, but not the specific assets and actions involved in this case. (Id. at 1-2.) The Government contends Dr. Campbell's category 2b testimony would merely be a recitation of information contained in documents, and accordingly, that Dr. Campbell lacks a sufficient basis to offer an expert opinion on Defendants' efforts to implement the asset securitization model. (Id. at 2.) With regard to category 3, the Government contends that Dr. Campbell's testimony would not amount to "technical, or

other specialized knowledge" and would not "assist the trier of fact" because Dr. Campbell never spoke with the Standard and Poor's ("S&P") rating agency, and thus does not know why S&P did or did not issue a rating on the Heritage asset pool. (Id.)

Defendant Carol Johnson responds that Dr. Campbell's academic training and credentials qualify him as having specialized knowledge in the area of asset securitization, and that the Third Circuit has interpreted the specialized knowledge requirement liberally. (D.I. 182, at 2.) Further, Defendant Carol Johnson contends that Dr. Campbell's testimony on both contested categories is sufficiently based on the facts of this case to be useful in assisting the jury's understanding of the evidence. (Id.) Specifically, Defendant Carol Johnson contends Dr. Campbell's testimony in category 2b will describe Heritage's efforts in attempting to issue the bonds as compared to industry norms, and that his testimony in category 3 will describe why the business model failed and why the loans were not funded. (Id. at 3.) In turn, these opinions will assist the jury in determining whether Defendant Carol Johnson acted in good faith. (Id.)

**Discussion**

The Court will allow the testimony of Dr. Campbell on categories 2b and 3. The Court concludes that Dr. Campbell's testimony is specialized knowledge. The requirement of Federal Rule 702 concerning specialized knowledge establishes a standard

of evidentiary reliability for expert testimony. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590 (1993); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). The word "knowledge" requires more than a subjective belief or an unsupported speculation. Daubert, 509 U.S. at 590. Proposed expert testimony must be "supported by appropriate validation- i.e., 'good grounds,' based on what is known." Id. at 591. Dr. Campbell testified that his opinion was based on a survey of academic literature, professional presentations, and relevant case documentation provided to him by Defendant Carol Johnson, among other sources. (D.I. 185, at 13:11 - 14:3.) The Court understands the Government's concern that Dr. Campbell did not evaluate Heritage's specific assets or speak to anyone at S&P, but ultimately finds Dr. Campbell possesses sufficient specialized knowledge to offer his opinion on categories 2b and 3. See id. at 592 ("[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand examination or observations"). Issues as to the specificity and detail of Dr. Campbell's examination in reaching his opinions can be adequately explored on cross-examination.

The Court further concludes that Dr. Campbell's testimony will assist the jury in understanding and evaluating complex evidentiary material that will be presented in this case. Given the complexity of the evidence and alleged fraudulent scheme, the

Court finds Dr. Campbell's testimony may be helpful to the jury in evaluating whether Defendants made a good faith effort to fund the loans.

NOW THEREFORE, IT IS HEREBY ORDERED that the Government's Motion in Limine (D.I. 161) is **DENIED**.

October 22, 2009
DATE

UNITED STATES DISTRICT JUDGE