IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 08-146-JJF |
| | : |
| ED JOHNSON, and | : |
| G. CAROL JOHNSON, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

On September 11, 2008, Co-Defendants Ed Johnson and G. Carol Johnson (collectively, "Defendants") were indicted for conspiracy to commit mail and wire fraud, multiple counts of mail and wire fraud, and engaging in an illegal monetary transaction. Beginning on October 20, 2009, a jury trial was held, and on October 29, 2009, Defendants were convicted of all counts of the indictment. (D.I. 200). The Court conducted a forfeiture hearing immediately subsequent to the guilty verdicts, and the jury returned a Special Verdict finding Defendants subject to forfeiture in the amount of $1,549,598.78. (D.I. 202.) Presently before the Court is Motion Of The United States For A Preliminary Order Of Forfeiture, filed on November 4, 2009. (D.I. 211.) Defendant Ed Johnson filed a Reply Motion To The Government's Motion For A Preliminary Order Of Forfeiture on November 19, 2009. (D.I. 222.)

**Parties' Contentions**

By its Motion, the Government seeks a preliminary order of

forfeiture in the form of a personal money judgment in the amount of $1,549,598.78.  The Government contends that such orders are commonplace, and are specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. (D.I. 211 ¶5).  The Government notes that Defendants were put on notice in the Indictment that they would be required to forfeit all proceeds derived from the charged offenses if convicted (id. ¶1), and that the jury returned a Special Verdict pursuant to Rule 32.2(b)(4) finding that Defendants had derived $1,549,598.78 from the offenses for which they were convicted (id. ¶2).

By his Reply, Defendant Ed Johnson ("Mr. Johnson") contends that, under Rule 32.2(b)(1), the Court must make a determination as to the amount of the proceeds from the illegal activities, "which would constitute the money or goods personally received by the Johnson's [sic] rather than the overall total of money received from loan applicants which were used to pay company bills, payroll, taxes and other normal business expenses." (D.I. 222 ¶3.)  Essentially, Mr. Johnson's contention is that Court should determine how much money he personally received from the commission of the offenses before entering a money judgment against him.  (Id.)

### Discussion

The Court concludes that entry of a preliminary order of forfeiture in the form of a personal money judgment in the amount

of $1,549,598.78 against Defendants is appropriate. Pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure,

> [a]s soon as practicable after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1). Mr. Johnson does not contest that he can be properly subjected to an order of forfeiture in the form of a money judgment. See 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); see also U.S. v. Vampire Nation, 451 F.3d 189, 200-201 (3d Cir. 2006). Rather, he disputes what the amount of the money judgment to be entered against him should be.

The Court interprets Mr. Johnson's Motion as making the argument that only money or goods personally received by him should constitute "proceeds" derived from the convicted offenses for the purposes of forfeiture, and that money derived from the convicted offenses which went to pay company bills and payroll should not be considered "proceeds." Under 18 U.S.C. § 981(a)(1), in cases involving "illegal goods, illegal services, [and] unlawful activities," the term "proceeds" means "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to net gain or profit realized from the offense." 18 U.S.C. § 982(a)(2)(A).

Mr. Johnson has not provided any support for why, under this statute, the Court should only consider the extent to which Mr. Johnson personally benefitted from the illegal activities as "proceeds."

As to Mr. Johnson's contention that the Court must determine the amount of the proceeds derived from the illegal activities, the jury has already made this determination by Special Verdict (D.I. 202) pursuant to Rule 32.2(b)(4). Mr. Johnson has not challenged the sufficiency of the evidence supporting the jury's Special Verdict. Accordingly, a preliminary order of forfeiture in the form of a money judgment of $1,549,598.78 against Defendants will be entered.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion Of The United States For A Preliminary Order Of Forfeiture (D.I. 211) is **GRANTED**;

2. Defendants shall forfeit to the United States the sum of $1,549,598.78 pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461;

3. Defendants should also forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses for which he has been convicted, which property has not yet been identified or located;

4. Pursuant to Rule 32.2(b)(3), this Preliminary Order of

4

      Forfeiture shall become final as to Defendants at the time of sentencing, and shall be made part of the sentence and included in the judgment;

5. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed $1,549,598.78 to satisfy the money judgment in whole or in part.

November 25, 2009
DATE

_____
UNITED STATES DISTRICT JUDGE