IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ED JOHNSON, | : |
| Movant/Defendant, | : |
| v. | : Civ. A. No. 12-403-LPS |
| | : Crim. A. No. 08-146-LPS |
| UNITED STATES OF AMERICA, | : |
| Respondent/Plaintiff. | : |

## MEMORANDUM

### I. BACKGROUND

On October 30, 2009, movant Ed Johnson ("Movant") was sentenced to 120 months imprisonment after a jury convicted him on multiple counts of mail and wire fraud, engaging in an illegal monetary transaction, and conspiracy related to falsely claiming he had the ability to fund commercial loans or collateralized lines of credit. (*See* D.I. 2, 201, 279) Movant was sentenced by the Honorable Joseph J. Farnan, Jr., to 120 months imprisonment, on May 26, 2010. (*See* D.I. 266, 279) After the case was reassigned to the undersigned Judge in August 2010, the Court of Appeals for the Third Circuit affirmed Movant's conviction and sentence by order dated October 24, 2011. (*See* D.I. 289)

On August 2, 2013, this Court denied Movant's Section 2255 Motion, finding that none of his claims had merit. (D.I. 316; *Johnson v. United States*, 2013 WL 4041268 (D. Del. Aug. 2, 2013)) On November 18, 2014, Movant filed a motion entitled, "New Evidence Motion filed Under Rule 60A and 60B(2)" ("New Evidence Motion"). (D.I. 327) Then, on December 17, 2014, Movant filed a "Motion to Withdraw Claims pursuant to Rule 60(a) and for Leave to File a

1

Corrected Rule 60(b)(1) and 60(b)(3)" ("Motion for Leave") (D.I. 330), which this Court granted on May 27, 2015 (D.I. 334).

On June 18, 2015, Movant filed a Motion Pursuant to Fed. R. Civ. Pro. 60(b) ("60(b) Motion"). (D.I. 340) The Government filed a Response in Opposition on June 30, 2015. (D.I. 343)

## II. LEGAL STANDARDS

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it is prospectively no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances, *see Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987), and in such a motion it is not appropriate to reargue issues that the court has

2

already considered and decided, *see Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a movant's § 2255 motion, the Court must first determine if the motion constitutes a second or successive motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas request without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent request. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. DISCUSSION

In Movant's Rule 60(b) Motion, he contends that the Court should vacate his conviction because new evidence has been discovered, and further that the government committed fraud on the Court. (D.I. 340 at 7) As the government points out in its opposition, Movant is "reattacking the validity of his underlying conviction, rather than the judgment rendered by the Court in denying his Section 2255 petition." (D.I. at 343 at 2-3)

The Court is not persuaded by Movant's argument for reconsideration. His substantive arguments collaterally attack his underlying conviction, and, thus, this Court must treat his 60(b)

3

Motion as a successive habeas petition. *See Pridgen*, 380 F.3d at 727. Accordingly, the Rule 60(b) Motion constitutes a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2255. Movant has not obtained authorization from the Court of Appeals to pursue a second or successive petition. Therefore, the Court must dismiss the Rule 60(b) Motion for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 ("[T]he district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

Even if the Court had jurisdiction, it would deny the Rule 60(b) Motion, as it fails to meet the standards outlined in Rule 60(b) and also because it is time-barred (having not been filed within one year of the Court's entering judgment).[1]

Finally, the Court also declines to issue a certificate of appealability because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Movant's Motion Pursuant to Fed. R. Civ. Pro. 60(b) constitutes an unauthorized second or successive § 2255 motion under 28 U.S.C. § 2244 and § 2255(h). It is also time-barred under Rule 60(c). Accordingly, the Court will dismiss Movant's Rule 60(b) Motion for lack of jurisdiction and decline to issue a certificate

---

[1] The Court denied Movant's first 2255 motion on August 2, 2013 (D.I. 316), but Movant did not file his original motion based on Rule 60 until November 18, 2014 (D.I. 327), more than a year later.

4

of appealability. A separate Order will be entered.

July 14, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE