IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ED JOHNSON, | : |
| Movant/Defendant, | : |
| v. | : Crim. A. No. 08-146-LPS |
| | : Civ. A. No. 12-403-LPS |
| UNITED STATES OF AMERICA, | : |
| Respondent/Plaintiff. | : |

**MEMORANDUM**

## I. INTRODUCTION

Presently pending before the Court is Movant Ed Johnson's ("Movant") Motion for New Trial Filed Pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33 Motion"). (D.I. 354)

## II. BACKGROUND

On October 30, 2009, a jury convicted Movant on multiple counts of mail and wire fraud, engaging in an illegal monetary transaction, and conspiracy related to falsely claiming he had the ability to fund commercial loans or collateralized lines of credit. (D.I. 2; D.I. 201) The Honorable Joseph J. Farnan, Jr. sentenced Movant on May 26, 2010 to 120 months of imprisonment. (D.I. 266; D.I. 279) After the case was reassigned to the undersigned Judge in August 2010, the Court of Appeals for the Third Circuit affirmed Movant's conviction and sentence by order dated October 24, 2011. (D.I. 289)

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on April 2, 2012, which the Court denied on August 2, 2013. (D.I. 316; *see also Johnson v. United States*, 2013 WL 4041268 (D. Del. Aug. 2, 2013)) The Third Circuit Court of Appeals denied Movant's appeal of that decision on January 30, 2014. (D.I. 326)

Movant filed a motion titled "New Evidence Motion filed Under Rule 60A and 60B(2)" ("New Evidence Motion") on November 18, 2014 (D.I. 327), followed by a "Motion to Withdraw Claims pursuant to Rule 60(a) and for Leave to File a Corrected Rule 60(b)(1) and 60(b)(3)" ("Motion for Leave") (D.I. 330). The Court granted the Motion for Leave on May 27, 2015. (D.I. 334)

On June 18, 2015, Movant filed a Motion Pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion") (D.I. 340), to which the Government filed a Response in Opposition. (D.I. 343) On July 14, 2015, the Court denied the Rule 60(b) Motion for lack of jurisdiction because it constituted an unauthorized second or successive § 2255 Motion. (D.I. 344; D.I. 345) Movant initially appealed that decision on July 27, 2015 (D.I. 350; D.I. 351), and then asked the Third Circuit to treat his appeal as an application for authorization to file a second or successive § 2255 motion. (D.I. 353) On February 4, 2016, the Third Circuit agreed to treat the appeal as an application for authorization to file a second or successive § 2255 motion, terminated the appeal, and denied Movant's request for authorization to file a second or successive § 2255 motion. (D.I. 353) On March 10, 2017, Movant filed the instant Rule 33 Motion for New Trial. (D.I. 354)

### III. LEGAL STANDARDS

Rule 33 of the Federal Rules of Criminal Procedure provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A "motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Five requirements must be met before a court may grant a new trial on the basis of newly discovered evidence:

2

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Quiles*, 618 F.3d 383, 388-89 (3d Cir. 2010). Failure to satisfy any one of those elements is fatal to a motion for a new trial. *See United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006).

As a general rule, a new trial will not be granted under Rule 33 when the new evidence is merely cumulative or impeaching. *See United States v. Mensah*, 434 F. App'x 123, 126 (3d Cir. 2011). To determine if newly discovered evidence warrants a new trial or is "merely" impeaching evidence, a court must examine (1) if there is a strong exculpatory connection between the newly discovered evidence and the evidence presented at trial or (2) if the newly discovered evidence, though not exculpatory, creates severe doubt on the truthfulness of the critical inculpatory evidence that was introduced at trial. *See Quiles*, 618 F.3d at 393.

## IV. DISCUSSION

In his Rule 33 Motion, Movant contends that he is entitled to a new trial because a March 7, 2014 tax court decision/stipulation ("2014 decision/stipulation") (D.I. 340 at 10-13) constitutes newly discovered evidence demonstrating he is innocent of the crimes of conviction. (D.I. 354 at 10) Movant asserts that the 2014 decision/stipulation shows that his tax returns were not false and that he had the financial ability to fund the loans at issue in the Indictment.

### A. Rule 33 Motion is Time-Barred

As a threshold issue, the Court concludes that the instant Rule 33 Motion is time-barred, because Movant filed it in March 2017, more than three years after the jury entered the verdict of guilty on October 29, 2009. The Court rejects Movant's contention that the three year period for

3

filing his Rule 33 Motion should be viewed as beginning to run on March 7, 2014, the date on which the tax court issued its decision/stipulation. (D.I. 354 at 16) Rule 33 contains no provision asserting that the three year period starts upon the discovery of the new evidence; in fact, Rule 33(b)(1) explicitly sets the triggering date for the three year deadline as the date on which the defendant was found guilty.

The Court also rejects Movant's attempt to circumvent his tardy filing by invoking the doctrine of equitable tolling. Whether or not equitable tolling may apply to Rule 33 motions appears to be an open question in the Third Circuit. Nevertheless, even if equitable tolling applies to Rule 33 motions, Movant has failed to demonstrate such tolling is warranted in this case. At least in the context of § 2255 motions, the applicable one-year limitations period may only be tolled for equitable reasons if the movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648-49 (2010). Equitable tolling is not available where the late filing is due to "a garden variety claim of excusable neglect." *Id.* at 651. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, Movant asserts that equitable tolling is warranted because he pursued his rights diligently by obtaining the 2014 decision/stipulation and an "eighteen month delay [during] which [he] conducted more due diligence research of several cases [] in order to articulate his case to the court" constitutes extraordinary circumstances. (D.I. 354 at 14) However, the time Movant spent to research the issues constitutes a "garden variety claim" of excusable neglect, not extraordinary

4

circumstances for tolling purposes. Thus, equitable tolling is not available on the facts set forth by Movant.

**B. Rule 33 Motion Does Not Warrant New Trial**

Even if the instant Rule 33 Motion were timely, a new trial would not be warranted. To begin, the Court is not persuaded that the 2014 decision/stipulation constitutes newly discovered evidence for Rule 33 purposes. As a general rule, "newly discovered evidence" must have been unknown but in existence at the time of trial; evidence arising after the defendant's trial does not constitute "newly discovered evidence" because it could not have been presented as evidence during the trial. *See United States v. Siyam*, 2007 WL 10864, at *1-*2 (D. Kan. July 6, 2007) (collecting cases). Additionally, evidence that is known but unavailable during trial is not "newly discovered." *See Sistrunk v. Rozum*, 674 F.3d 181, 188-89 (3d Cir. 2012).

According to the text of the 2014 decision/stipulation, the United States Tax Court issued a Notice of Determination Concerning Collection Actions on April 7, 2009 and a Supplemental Notice of Determination Concerning Collection Actions on June 4, 2010 regarding Movant's and his wife's income tax liabilities for the taxable years 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006. (D.I. 340 at 10-11) On March 7, 2014, Movant, his wife, and the Internal Revenue Service "stipulated that the [United States Tax] Court may enter" the decision regarding those Notices of Determination in Movant's tax court proceeding. (D.I. 340 at 11)

Neither the 2014 decision/stipulation nor the underlying collection actions relating to the Notice of Determinations mentioned therein constitute "newly discovered evidence" for Rule 33 purposes. For example, since the first Notice of Determination was issued on April 7, 2009, and Movant's trial began on October 20, 2009, Movant may well have known (or should have known) about the first Notice of Determination even if, for some reason, it was unavailable to him at the time of his trial. In turn, the June 4, 2010 Notice of Determination and the 2014

5

decision/stipulation do not constitute "newly discovered evidence" because they were issued after Movant's trial and could not have been presented as evidence during his trial.

Moreover, even if the 2014 decision/stipulation should be treated as newly discovered evidence, it would not warrant relief. During the trial, the Government produced substantial evidence that Movant collected advance fees from loan applicants over a four-year period, yet never funded a single loan. The jury returned a guilty verdict on all counts of mail and wire fraud, engaging in an illegal monetary transaction, and conspiracy. (D.I. 316 at 2) On direct appeal, Movant acknowledged there was "abundant" evidence of his guilt. *See Johnson*, 449 F. App'x at 153.

The 2014 decision/stipulation Movant presents as "newly discovered evidence" states, in part, that:

> Pursuant to the agreement of the parties in this case, it is Ordered and Decided that the Notice of Determination Concerning Collection Action(s) under section 6320 and/or 6330 issued by respondent [Commissioner of Internal Revenue] on April 7, 2009, relating to petitioner Ed Johnson's [and Carol Johnson's] income tax liabilities for taxable years 1999, 2000, 2001, 2002, [] 2003, [2004, 2005, and 2006] as supplemented by the Supplemental Notice of Determination Concerning Collection Action(s) under section 6320 and/or 6330 issued on June 4, 2010, is sustained in full.

(D.I. 340 at 10) If produced at a new trial, the 2014 decision/stipulation "would probably [not] produce an acquittal," because it does not address the veracity of Movant's tax filings or disprove the Government's case. As noted by the Third Circuit on direct appeal, Movant acknowledged there was "abundant" evidence of his guilt. *See Johnson*, 449 F. App'x at 153. The 2014 decision/stipulation does not change this fact. Second, Movant presented the 2014 decision/stipulation to the Third Circuit with his Rule 60(b) appeal/application for authorization to file a second or successive § 2255 motion, and the Third Circuit denied the application -- after noting that Movant's "claim of innocence relies on a document that, viewing the evidence as a

6

whole, fails to establish that no reasonable factfinder would have found him guilty of the offenses."
(D.I. 353)

Thus, the Court alternatively concludes that the 2014 decision/stipulation is insufficient to warrant granting a new trial. Accordingly, the Court will deny the instant Rule 33 Motion as time-barred and, alternatively, for failing to satisfy the requirements of Rule 33.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 33 Motion. A separate Order will be entered.

July 3, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE